IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2008 AUG 25   AM 10: 43

Abdul Rahman ibn Al Lee Bey
ex relatione
RICHARD ALLEN THORPE
In Propria Persona Sui Juris
Plaintiff
    v.

CIVIL ACTION NO.   08 - 540

THE WILMINGTON HOUSING AUTHORITY (WHA),
Defendant

### COMPLAINT FOR RENTAL DISCRIMINATION

Now Comes Abdul Rahman ibn Al Lee Bey ex relatione RICHARD ALLEN THORPE, in propria persona sui juris, hereafter named as the Plaintiff, pursuant to Title 42 U.S.C. §3613 brings action against the Defendant for violation of civil rights through rental discrimination based on race, color, religion, sex, and national origin.  The causes of action are brought forth pursuant to Title 42 U.S.C. § 3601 et seq., the Fair Housing Act of 1968, Title 42 U.S.C. §1983, Title 42 U.S.C. §2000d, the Fifth and Fourteenth Amendment for the Constitution for the United States, the Republic of America, and common law under Tort.  The Plaintiff request the Court to grant the following relief: actual and punitive damages as well as reasonable legal fees and costs, and an injunction to protect the Plaintiff against retaliation.  The Plaintiff also requests the leave to proceed in forma pauperis pursuant to Title 42 U.S.C. § 3613(b)(2).

### STATUS

Now comes Noble Abdul Rahman ibn Al Lee Bey[1] ex relatione RICHARD ALLEN THORPE, as private natural man, in propria persona sui juris jural summi imperii by "special appearance" standing squarely upon the protections and immunities provided by Article VI[2] of the *Organic Constitution of the United*

---

[1]    *Appellation lawfully corrected by common law without colorable legal due process and recorded for public record at the Recorder of Deeds Office in New Castle County in the State of Delaware - Instrument: 200509220096666.*

[2]  <u>**Article VI, Constitution for the United States, the Republic of America**</u>
    *All debts contracted and engagements entered into, before the adoption of this Constitution, shall be as valid against the United States under this Constitution, as under the Confederation.*

*States, the Republic of America* under the *Treaty of Marrakesh*[3]. Noble Abdul Rahman ibn Al Lee Bey[4], Correctly Spelled, Non-Military, Non-Corporate/Commercial and Non-Assumpsit, is a natural being, a living and breathing soul with natural rights as a Sovereign endowed by the Creator under Divine Law and a de jure Citizen of this land by inheritance and birthright whereas RICHARD ALLEN THORPE (*any derivative and any derivation thereof written in upper case or written in all capital letters*) is a misnomer, a legal fiction without substance or form. The Plaintiff alleges the following facts:

### JURISDICITION AND VENUE

1. Pursuant to Title 28 U.S.C. § 1343, the district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights including the Fair Housing Act of 1968 prohibiting discrimination by direct providers of housing.

2. The Court has jurisdiction over this matter pursuant to Article III, Section 2 of the Constitution for the United States, the Republic of America, Title 28 US Code § 1343(a).

3. The Plaintiff also invokes supplemental jurisdiction of this Court over his state claims against the Defendants for common law violation pursuant to 28 U.S.C. § 1367, as the common law claims for part of the same controversy.

4. Venue is proper in this district pursuant to 28 U.S.C § 1391 as the causes of action occurred in this district.

---

***This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary…***
[3] ***Treaty of Peace and Friendship of 1787*** between the Empire of Morocco and the united States, the Republic of America later including the Treaties with Algeria, Tripoli, and Tunis.
[4] ***Article IV, Constitution for the United States, the Republic of America***
Section 1. *Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof.*
Section 2. *The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.*

## PARTIES

5. Plaintiff: RICHARD ALLEN THORPE receives correspondence in care of: 325 East 5th Street, 11-N, Wilmington, Delaware.

6. Defendant: THE WILMINGTON HOUSING AUTHORITY (WHA) has a business address as follows: 400 North Walnut Street, Wilmington, Delaware.

## FACTS

7. Petitioner realleges paragraphs 1 through 6 of the Complaint as if fully set forth herein.

8. THE WILMINGTON HOUSING AUTHORITY (WHA) is a nonprofit agency for the State of Delaware subject to local, state and federal guidelines created under the Federal Housing Act of 1937.

9. THE WILMINGTON HOUSING AUTHORITY (WHA) is federally a funded public housing agency in the State of Delaware subject to federal laws, procedures, and guidelines including Title 42 U.S.C. § 3604(a)(1)(B).

10. THE WILMINGTON HOUSING AUTHORITY (WHA) provides and manages public housing for low-income residents of the City of Wilmington.

11. THE WILMINGTON HOUSING AUTHORITY (WHA) manages Baynard Apartments, Crestview Apartments, Compton Towers, Herlihy Apartments, Lincoln Towers, Kennedy Apartments and other housing facilities.

12. In September 2007, the Plaintiff entered a leasing agreement with the THE WILMINGTON HOUSING AUTHORITY (WHA) and took possession of an apartment in Compton Towers with the right of "quiet enjoyment".

13. The Plaintiff has been an "income based" resident (tenant) at Compton Towers since September 2003 with a rent of Thirty-seven ($37.00) per month believed to be calculated in accordance with 24 CFR 5.628[5] thirty (30%) of the monthly income, One hundred and twenty-three ($123.00) dollars per month received from General Assistance.

---

[5] Sec. 5.628 Total tenant payment.

14. After the annual recertification meeting held on May 24, 2007, the Plaintiff received a notice dated June 18, 2007 increasing the rent to fifty ($50.00) per month, forty (40%) of the Plaintiff's monthly income, effective September 1, 2007.

15. The Plaintiff's income in the amount of One hundred and twenty-three ($123.00) dollars per month had not increased.

16. The rental increase to fifty ($50.00) per month, forty (40%) of the Plaintiff's monthly income created an additional financial hardship causing the Plaintiff mental distress.

17. The Plaintiff protested the rental increase by requesting an Informal Grievance Hearing, which was filed with the WHA office on June 27, 2007 in accordance with Section II Paragraph E of the WHA Leasing Agreement [24 CFR 966.54].

18. During the Informal Grievance Hearing, Lekeisha N. Watson-Jones, the Compton Towers Housing Manager for the Wilmington Housing Authority (WHA), said the reason for the rental increase was that congress passed a bill for Minimum Rent, Housing and Urban Development (HUD) approved it, WHA Board of Commissioners held Public Hearing in December of 2006 to discuss changing the Minimum Rent policy and that no one showed up for the meeting to object.

19. Also during the same Informal Grievance Hearing, Ms. Watson-Jones said notice for the Public Hearing was published in the *Wilmington New Journal* rather than notice being sent to the individual residents.

---

*(a) Determining total tenant payment (TTP). Total tenant payment is the highest of the following amounts, rounded to the nearest dollar:*
  *(1) 30 percent of the family's monthly adjusted income;*
  *(2) 10 percent of the family's monthly income;*
  *(3) If the family is receiving payments for welfare assistance from a public agency and a part of those payments, adjusted in accordance with the family's actual housing costs, is specifically designated by such agency to meet the family's housing costs, the portion of those payments which is so designated; or*
  *(4) The minimum rent, as determined in accordance with Sec. 5.630.  (b) Determining TTP if family's welfare assistance is ratably reduced. If the family's welfare assistance is ratably reduced from the standard of need by applying a percentage, the amount calculated under paragraph (a)(3) of this section is the amount resulting from one*
*application of the percentage.*

20. The Plaintiff never received a written summary of the Informal Grievance Hearing as required by Section C of the GRIEVANCE PROCEDURE OF THE WILMINGTON HOUSING AUTHORITY [24 CFR 966.54].

21. On December 28, 2007, the Plaintiff provided a summary of the Informal Grievance Hearing requested on June 27, 2007, and the Plaintiff requested a formal hearing pursuant to 24 CFR 966.54.

22. Through a letter dated January 15, 2008, Karen Spellman, Deputy Executive Director for WHA, responded to the Plaintiff's letter dated December 28, 2007 offering the Plaintiff an informal grievance hearing rather than a formal grievance hearing.

23. On January 30, 2008, the Plaintiff made a written request to Karen Spellman, Deputy Executive Director for the Wilmington Housing Authority, for the following information under the Freedom of Information Act:

   (a) The whereabouts and access to the Wilmington Housing Authority Administrative Policy Manual,
   (b) An Affidavit of Publication providing the name of the publication and the publication dates for notice on the Public Hearing for the Minimum Rent Policy change scheduled for December 7, 2006,
   (c) A copy transcript for the Public Hearing for the Minimum Rent Policy held on or about December 7, 2006 with the names and titles of the attendees,
   (d) A copy of WHA's Admission and Occupancy Policy,
   (e) A copy of WHA's Financial Hardship Exemption Policy.

24. On Wednesday, May 7, 2008 at 11:20 A.M., the Plaintiff met with Erica Carter, the Housing Manager's Assistant for a rental recertification meeting. During the meeting, the Plaintiff was asked to sign a document entitled, Lease Addendum, where the proposed new rental amount was intentionally left blank. The explanation given by Ms. Carter for the rental amount being blank was that the rental amount could not be filled in until the income had been verified. Ms. Carter told the Plaintiff if the Lease Addendum was not signed now, he would have to come back later to sign the document after the income verification had been completed.

25. On May 12, 2008, the Plaintiff notified the Wilmington Housing Authority by fax recinding his signature on the Lease Addendum and declaring the contract "null and void" pursuant the UCC 1.103 - Protection Against Misrepresentation and Fraud.

26. On May 20, 2008, the Plaintiff made a second written request to Frederic S. Purnell, Sr., Executive Director requesting the same information requested from Karen Spellman, Deputy Executive On January 30, 2008.

27. On June 27, 2008, the Plaintiff requested an informal hearing to see the document authorizing the rental invoice in the amount of Fifty ($50.00) dollars per month. The document provided to the Plaintiff on June 27, 2008 personally by Ms. Watson-Jones was entitled, <u>Resident Rent Payment Choice Agreement</u>, dated May 24, 2007. This same document was presented during the recertification meeting on May 24, 2007 for the purpose of choosing between "Income Based Rent" or "Flat Rate Rent" where the rental amount for the "Income Based Rent" was intentionally left blank.

28. During the Informal Grievance Hearing held July 1, 2008 @ 9:30 AM requested on June 27, 2008, the Plaintiff requested the original for the <u>Resident Rent Payment Choice Agreement</u>, dated May 24, 2007. The original for for the <u>Resident Rent Payment Choice Agreement</u>, dated May 24, 2007, the rental amount for the "Income Based Rent" had been altered using "white out".

29. During the Informal Grievance Hearing held July 1, 2008, the Plaintiff offered a stipulation agreement stating the following:

> *It is hereby stipulated and agreed by the Wilimington Housing Authority that the request for <u>an Informal Grievance Hearing</u> filed by RICHARD ALLEN THORPE with our office on June 27, 2007, has been accepted as a request for a **financial hardship exemption** from the minimum rent requirement pursuant to 24 CFR 5.630(b) effective retroactively September 1, 2007, the date for the rental increase. Beginning September 1, 2007, the monthly rent for RICHARD ALLEN THORPE will remain Thirty-seven ($37.00) per month. Previously, his rent was calculated at $37 per month based on the income of $123 per month [24 CFR 5.628(a)]. The increase in his rent to $50 per month, approximately 40% of his monthly income, has created an addition financial hardship. In addition, a credit in the amount of One hundred and thirty ($130.00) dollars @ $13 per month for five (10) months pursuant to 24 CFR 5.630(b)(2) will be applied to his account for rental overpayments made beginning September 1, 2007.*

30. During the Informal Grievance Hearing held July 1, 2008 @ 9:30 AM, both Ms. Watson-Jones and Ms. Arnold choose to ignore the fact the <u>Resident Rent Payment Choice Agreement</u> dated May 24,

2007 appeared to have been altered using "white out". Instead they both insisted for the Plaintiff to sign another Resident Rent Payment Choice Agreement immediately, thereby changing the Informal Grievance Hearing into a recertification meeting without having provided the Plaintiff with prior written notice.

31. On June 30, 2008, the Plaintiff notified the Wilmington Housing Authority by fax recinding his signature on both the Resident Rent Payment Choice Agreement and Lease Addendum and declaring the contracts "null and void" pursuant the UCC 1.103 - Protection Against Misrepresentation and Fraud.

32. On July 2, 2008, the Plaintiff received from Ms. Watson-Jones both a summary for the Informal Grievance Hearing held July 1, 2008 @ 9:30 AM and a letter denying the request for Minimum Rent Waiver, also known as a *financial hardship exemption.*

33. Both the Resident Rent Payment Choice Agreement and the Lease Addendum contained language indicated on the income based rental amount appearing to be a disclaimer - "subject to third party verification".

## CAUSE FOR ACTION

### Rental Discrimination – Violation of Title 42 U. S. C. § 3604(b), 14th Amendment and Tort - Causing Extreme Mental Distress

34. Petitioner realleges paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. The Plaintiff, a 60 year old, non-Christian, "non-white" male being of an aboriginal and indigenous decent (Non-European) collecting General Assistance from The State of Delaware in the amount of $123 per month, was charged the minimum monthly rent of $50 per month, forty (40%) of his monthly income.

36. Whereas Plaintiff alleges Mary Smith (*pseudonym*), a 59 year old, Christian, "white" female being of European decent believed to be living at Lincoln Towers, another high-rise building managed by The WILMINGTON HOUSING AUTHORITY (WHA) collecting General Assistance from The State of Delaware in the amount of $123 per month was charged $37 per month for rent, thirty (30%) of her monthly income.

37. The Plaintiff alleges Mary Smith (*pseudonym*), the 59 year old "white" female, did not have her rent increased consistent with the Minimum Rent Policy.

38. The Plaintiff and the "white" female both being approximately the same age and both having the same income from General Assistance in the amount of $123.00 per month.

39. The Plaintiff and the "white" female both having the same financial conditions were treated differently in regards to the Minimum Rent Policy.

40. The Plaintiff alleges the difference in treatment in the application of the Minimum Rent Policy was not based on financial conditions, but it was based on either the difference in race, color, religion, sex, or national origin.

41. The WILMINGTON HOUSING AUTHORITY (WHA) did not apply the Minimum Rent Policy consistently for residents throughout the buildings under WHA's administration, authority, management, and responsibility.

42. Inconsistent application of the Minimum Rent Policy for the Plaintiff and the "white" female both having the same financial conditions constitutes a discriminatory act.

43. Discrimination against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin is a violation of Title 42 U. S. C. § 3604(b). Discrimination in the sale or rental of housing and other prohibited practices.

44. The Plaintiff was harmed by the discriminatory act by being deprived of "equal protection of the law" as defined by the Fourteenth Amendment of the Constitution for the United States, the Republic of America as well as by the additional financial hardship both causing mental distress as defined by common law tort.

## RELIEF

45. Petitioner realleges paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. The Plaintiff request the Court to grant the following relief.

   a. Pursuant to Title 42 US Code § 3613(c)(1) actual damages, punitive damages for Rental Discrimination, for violation of Constitutional Rights protected by the 14th Amendment and for causing extreme mental distress.

   b. An injunction to protect the Plaintiff from retaliation the Wilmington Housing Authority.

   c. Pursuant to Title 42 US Code § 3613 (c)(2) reasonable legal fees and costs.

   d. Any other relief the court may deem appropriate.

I declare under penalty of perjury to the best of my knowledge the foregoing is true and correct.

Date: _August 25, 2008_

**All Rights Reserved Without Prejudice**
**UCC 1.207 and UCC 1.103**
_Abdul Rahman ibn Al Lee Bey_
_ex relatione_
_RICHARD ALLEN THORPE_

The Noble Abdul Rahman ibn Al Lee Bey
ex relatione
RICHARD ALLEN THORPE, Plaintiff
In Propria Persona Sui Juris Jural Summi Imperii

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RICHARD ALLEN THORPE

(b) County of Residence of First Listed Plaintiff: NEW CASTLE COUNTY, DELAWARE
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
325 East 5th Street, 11-N
Wilmington, Delaware [19801]

## DEFENDANTS
WILMINGTON HOUSING AUTHORITY

County of Residence of First Listed Defendant: New Castle County, DELAWARE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
Citizen of This State: [X] PTF 1
Incorporated or Principal Place of Business In This State: [X] DEF 4

## IV. NATURE OF SUIT
[X] 360 Other Personal Injury
[X] 442 Employment
[X] 443 Housing/Accommodations

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
TITLE 42 U.S.C. § 3601 et seq.
Brief description of cause: RENTAL DISCRIMINATION

## VII. REQUESTED IN COMPLAINT:
DEMAND $ 100,000
JURY DEMAND: [X] No

## VIII. RELATED CASE(S) IF ANY
JUDGE: N/A   DOCKET NUMBER: N/A

DATE: August 25, 2008

SIGNATURE OF ATTORNEY OF RECORD
All Rights Reserved without Prejudice UCC 1.207 & 1.103
Otiel Robinson for AL Lee by ex rel to RICHARD ALLEN THORPE

FOR OFFICE USE ONLY
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____