IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD ALLEN THORPE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 08-540-SLR |
| | ) | consolidated with |
| WILMINGTON HOUSING AUTHORITY | ) | Civ. No. 08-913-SLR |
| and the BOARD OF COMMISSIONERS, | ) | |
| | ) | |
| Defendants. | ) | |

Richard A. Thorpe, Sr., Wilmington, Delaware, Pro Se Plaintiff.

Barry M. Willoughby and Michael P. Stafford, Esquires, Young, Conaway, Stargatt & Taylor, Wilmington, Delaware.  Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: November ♪ , 2009
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiff Richard Allen Thorpe, Sr. ("plaintiff"),[1] who proceeds pro se, filed suit

pursuant to the Fair Housing Act of 1968, 42 U.S.C. §§ 3601-3631, 42 U.S.C. § 1983

and § 2000d, and the Fifth and Fourteenth Amendments to the United States

Constitution alleging his civil rights were violated through rental discrimination by

defendants Wilmington Housing Authority ("Housing Authority") and the Board of

Commissioners ("the Board") (collectively, "defendants"). (D.I. 2, 6)  Plaintiff filed a

companion case on December 5, 2008, Civ. No. 08-913-SLR, and the cases were

consolidated on February 24, 2009. (D.I. 18)  Presently before the court are

defendants' motion to dismiss for failure to cooperate with discovery or, in the

alternative, to compel discovery and motion for an extension of time to file summary

judgment motions and plaintiff's motion for extension of time to complete discovery,

motion to compel, and motion for partial summary judgment. (29, 34, 43, 46, 47)  The

court has jurisdiction pursuant to 28 U.S.C. § 1331.  For the reasons set forth below, the

court will grant defendants' motion to dismiss for failure to cooperate with discovery and

will deny as moot the remaining motions.

## II. BACKGROUND

On February 18, 2009, the court entered a scheduling order for all discovery in

the case to be initiated so that it would be completed on or before July 20, 2009. (D.I.

16)  Thereafter, on March 10, 2009, plaintiff served upon defendants a request for

production of documents and interrogatories. (D.I. 19, 20)  Similarly, defendants served

---

[1]Plaintiff is also known as "Noble Abdul Rahman ibn Al Lee Bey." (D.I. 26)

upon plaintiff a first request for production of documents and a first set of
interrogatories, as well as initial disclosures pursuant to Fed. R. Civ. P. 26. (D.I. 21,
23) Defendants served plaintiff its responses to his discovery requests on May 22,
2009. (D.I. 24) On the same day, defendants served upon plaintiff a notice to take his
deposition on June 30, 2009, at 10:00 a.m. (D.I. 22) Plaintiff has never responded to
defendants' discovery requests. (D.I. 29, ex. A, D.I. 34 ¶ 10, D.I. 43 ¶ 10)

On June 26, 2009, plaintiff filed a "notice for judicial notice" with an attached
exhibit of his letter to defense counsel. (D.I. 25) Both the notice and the letter indicated
that plaintiff would be unable to attend the June 30, 2009 deposition because, on June
17, 2009, he had received a "Notice of Rule Violation 7-Day Notice" ("7-Day Notice") for
failure to comply with HUD's mandated community service requirement. (*Id.*) Plaintiff
stated that a defense of the notice was necessary for him to maintain housing and this
would result in delays in the discovery process, requiring an extension. (*Id.*) On the
same day, defendants replied to plaintiff. (D.I. 29, ex. A) They notified plaintiff that they
intended to proceed with his deposition on the basis that plaintiff had provided no
explanation for his unavailability on June 30, 2009, and that the mandatory community
service policy issue was unrelated to plaintiff's allegations. (*Id.*) Defendants also
advised plaintiff that, to date, he had yet to respond to their discovery requests. The
letter was sent by certified mail. Plaintiff failed to appear for his deposition on June 30,
2009. (*Id.* at ex. B)

On July 1, 2009, defendants rescheduled plaintiff's deposition for July 20, 2009,
at 10:00 a.m., and notified plaintiff of the new date. (D.I. 28) The notice was sent by
certified mail. Thereafter, defendants filed the pending motion to dismiss for failure to

2

cooperate with discovery or, in the alternative, to compel discovery. (D.I. 29) Plaintiff responded on July 17, 2009 and admits that he has not responded to defendants' discovery requests. (D.I. 34) He states that the deposition notice "sounded more like an interrogation, something to the effect, hour by hour, day by day until complete without a written consentual [sic] contract or without compensation." (*Id.*) Within his response, plaintiff asks the court to extend the time to complete discovery. In the meantime, defendants sent plaintiff a letter on July 16, 2009 reminding him that his deposition was rescheduled for July 20, 2009. (D.I. 41, ex. A) Plaintiff did not appear for the rescheduled deposition on July 20, 2009. (*Id.* at ex. B)

After defendants advised the court that plaintiff had not appeared for his rescheduled deposition, plaintiff filed an amended response, again stating that the deposition sounded like an interrogation and explaining that he was upset by the 7-Day Notice. Included in the amended response is a second request to extend the discovery deadline, a "counter motion show cause for sanctions - abuse of process", and a counter motion to compel discovery. (D.I. 43) Defendants objected and indicated that, to date, they have responded to all of plaintiff's discovery requests, including over four hundred pages of documents, but plaintiff has yet to respond to their discovery requests and twice has failed to appear for his scheduled deposition. (D.I. 45) On July 20, 2009, plaintiff served upon defendants a second request for discovery in derogation of the scheduling order that discovery be initiated so that it would be completed on or before July 20, 2009. (D.I. 35, 36)

3

## III. STANDARD OF LAW

Rule 37 provides that the court may order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). The sanctions include dismissing the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A).

The following six factors determine whether dismissal is warranted for failure to respond to discovery requests and attend depositions: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Nor must each factor be satisfied to dismiss a claim. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003). The Third Circuit has noted that "the sanction of dismissal is disfavored absent the most egregious circumstances." *United States v. $8,221,877.16 in U.S. Currency,* 330 F.3d 141, 161 (3d Cir. 2003) (citing *Poulis*, 747 F.2d at 867-68). However, "[i]n certain cases, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

4

## IV. DISCUSSION

The court finds that the first through the fifth *Poulis* factors warrant dismissal of plaintiff's case. First, as a pro se litigant, plaintiff is solely responsible for failure to adhere to the Federal Rules of Civil Procedure. *Huertas v. Philadelphia*, 139 F. App'x 444, 445 (3d Cir. 2005). He acknowledges that he has not responded to defendants' discovery but provides no reason for his failure. He attempts to blame the receipt of the 7-Day Notice for his failure to appear at two scheduled depositions, but does not indicate how the notices impeded his appearance. While plaintiff advised defendants that he was unable to attend his first deposition, nothing in the record indicates that he advised defendants of his inability to attend the rescheduled deposition.

Second, defendants are prejudiced by plaintiff's complete failure to respond to discovery requests and to appear for his deposition. Prejudice occurs when a plaintiff's failure to participate in discovery burdens a defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff's admitted failure to respond to defendants' discovery requests and his repeated failure to attend his deposition severely impedes defendants' ability to prepare a trial strategy. Furthermore, the costs and time wasted in scheduling unattended depositions is prejudicial for the purposes of the second *Poulis* factor. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

As to the third factor, plaintiff's failure to respond to discovery and appear for his scheduled depositions and his failure to pursue any relief or  protection from the District Court establishes a pattern of dilatory conduct. *See Huertas,* 139 F. App'x at 446 (citing

5

*Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 974-75 (3d Cir. 1994)).

As to the fourth factor, the facts to date lead to a conclusion that plaintiff's disregard of the discovery process appears to be willful or in bad faith. Despite defendants' notices to plaintiff that their discovery requests are outstanding, plaintiff admits to not responding. Additionally, his reasons for his failure to attend the June 30, 2009, are unavailing. Moreover, he provided no reason for his failure to appear for his July 20, 2009 deposition; he simply failed to appear. Notably during the time plaintiff's deposition was scheduled and rescheduled, plaintiff (while not able to respond to discovery or attend his depositions) was able to file numerous "judicial notices," motions with the court, and untimely discovery requests upon defendants. (*See* D.I. 26, 27, 31, 32, 33, 34,35, 36) For the above reasons, the court finds that plaintiff willfully and in bad faith has failed respond to defendants' discovery requests and, at least as to the rescheduled deposition, willfully and in bad faith failed to appear.

As to the fifth factor, there are no alternative sanctions the court could effectively impose. Precluding plaintiff from presenting certain evidence would not mitigate the prejudice of defendants' inability to depose him or receive his discovery responses. Furthermore, plaintiff's discovery responses and depositions are relevant to the case, so precluding him from presenting evidence would have the same effect as dismissal. For the same reason, granting summary judgment in favor of defendants or forbidding plaintiff from pursuing further discovery would have the same effect as dismissal given the sparse record. Finally, granting attorney fees would be ineffective because it would

6

not counterbalance the defendants' need to depose plaintiff or receive his discovery responses in order to prepare their defense.

The court finds the sixth factor, the merits of the claim, is neutral.  Given plaintiff's failure to provide discovery to defendants or to attend his deposition, the court finds the paucity of the record inadequate to address the merits of the claims.  The other five *Poulis* factors, however, weigh in favor of dismissal.  Accordingly, the court imposes the sanction of dismissal and will dismiss the complaint pursuant to Fed. R. Civ. P. 37.

## V. CONCLUSION

Based upon the foregoing analysis, the court will grant defendants' motion to dismiss for failure to cooperate with discovery and will deny as moot the remaining motions.  (D.I. 29, 34, 43, 46, 47)  An appropriate order will issue.